# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **Marlon Andres Castillo Midence,** *on behalf of himself and all others similarly situated*, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) ) |
| | Civil Action No. |
| **MJ Framing & Drywall, LLC,** **Miguel Ortiz**, *individually*, **Jose Ortiz**, *individually*, **and** **Benjamin Ward**, *individually*, | ) ) ) ) ) ) |
| Defendants. | ) |

## VERIFIED COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

**COMES NOW** Plaintiff Marlon Andres Castillo Midence (hereinafter "Plaintiff") on behalf of himself and all others similarly situated, by and through counsel, and for his Complaint against MJ Framing & Drywall, LLC; Miguel Ortiz; Jose Ortiz; and Benjamin Ward (hereinafter collectively "Defendants"), states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this collective action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff brings this collective action, on behalf of himself and all others similarly situated, against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Plaintiff alleges that Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Plaintiff seeks, on behalf of himself and all others similarly situated, declaratory relief; unpaid back wages; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Marlon Andres Castillo Midence is an adult resident of Memphis, Tennessee.

6. Plaintiff and prospective members of the collective are current and former individuals employed by Defendants on an hourly basis who were denied the statutorily required overtime premium for all hours worked in excess of forty hours in a workweek.

7. Upon information and belief, Defendant Miguel Ortiz is an adult resident of Memphis, Tennessee.

8. Upon information and belief, Defendant Jose Ortiz is an adult resident of Memphis, Tennessee.

9. Upon information and belief, Defendant Benjamin Ward is an adult resident of Senatobia, Mississippi

10. MJ Framing & Drywall, LLC is a Tennessee-based company, and may be reached for service through its registered agent, Jose Ortiz, 4266 Candlelight Dr. W, Memphis, TN, 38109-5332.

## JURISDICTION AND VENUE

11. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

12. Defendant MJ Framing & Drywall, LLC is a legal entity registered in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant MJ Framing & Drywall, LLC.

13. Upon information and belief, Defendant Miguel Ortiz is a resident of Tennessee and, consequently, this court has personal jurisdiction over him.

14. Upon information and belief, Defendant Jose Ortiz is a resident of Tennessee and, consequently, this court has personal jurisdiction over him

15. Upon information and belief, Defendant Benjamin Ward is a resident of Senatobia, Mississippi, and does regular and extensive business under an unregistered business named "Interior Finish Systems" in the state of Tennessee and conducted the illegal pay practices alleged in this complaint in the state of Tennessee. Consequently, this court has personal jurisdiction over him.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's and prospective members of the collective's claims occurred in this District.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all hourly-paid employees who are or were employed by Defendant for the period of three years prior to the commencement of this action to the present, and who are or were not compensated at one-and-one-half times the regular rate of pay for all work performed in excess of forty hours per week.

18. This Complaint may be brought and maintained as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiff because his claims are

similar to collective action members or putative collective action members.

19. Plaintiff and putative collective action members are similarly situated because they worked as hourly-paid employees for Defendants and were subject to Defendants' common practice, policy, or scheme of misclassification of employees as independent contractors and failure to pay overtime wages for all hours worked over forty in a workweek.

## FACTUAL BACKGROUND

20. Upon information and belief Defendant Benjamin Ward owns, operates, and manages a business as a sole proprietor under the name Interior Finish Systems.

21. Upon information and belief, since November of 2021, Defendants Miguel Ortiz and Jose Ortiz owned and operated a registered business under the name MJ Framing & Drywall, LLC.

22. Together, Interior Finish Systems and MJ Framing & Drywall, LLC operate as an integrated enterprise and a single employer.

23. In December 2021, Defendants jointly employed Mr. Midence to work as a Painter.

24. Defendants paid its employees, including Plaintiff, as though they were independent contractors, using Forms W-9 and 1099.

25. Despite Defendants characterization of their employees as "contractors," the nature and degree of control of its employees; the exclusive nature of the employment relationship; and the degree of permanency of that relationship establishes that Defendants' workers were employees and not independent contractors under the applicable laws and regulations.

26. Defendants employ several foreman and dozens of painters, drywall installers, finishers,

and ceiling specialists.

27. All of these workers, including Plaintiff, were and are paid an hourly rate for all hours worked.

28. None of these workers were or are paid an overtime premium for hours worked over forty in a workweek.

29. For the duration of his employment, Defendants have paid Mr. Midence an hourly rate of $17.00.

30. Defendants regularly scheduled employees, including Plaintiff, to work six days per week, from 7:00am to 5:30pm.

31. As a Painter, Plaintiff regularly worked an average of 60 hours per week.

32. Defendants required their employees, including Plaintiff, to request time-off from Defendant Benjamin Ward.

33. Defendants required their employees, including Plaintiff, to turn in a weekly time-sheet of their hours worked to Defendant Miguel Ortiz.

34. Although Plaintiff received his paycheck from MJ Framing & Drywall, LLC, the authority to hire and fire employees of the enterprise was exercised exclusively by Benjamin Ward.

35. Similarly, the supervision and control of the work schedules and conditions of employment of the employees of the enterprise was exercised by Benjamin Ward and his direct agents.

36. All employees of the enterprise were given t-shirts to wear emblazoned with the Interior Finish Systems logo.

37. All employees of the enterprise needing time off were required to request such leave from Benjamin Ward.

38. When Benjamin Ward's foreman frequently complained that he and his workers did not

receive proper overtime pay, Mr. Ward dismissively disregarded his concerns.

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiff realleges and incorporates all allegations above as if actually set forth herein.

40. At all relevant times, Defendant MJ Framing & Drywall, LLC was an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

41. At all relevant times, Defendant Benjamin Ward was the owner of Interior Finish Systems and exercised significant control over the operations of the enterprise comprised of Interior Finish Systems and MJ Framing & Drywall, LLC.

42. At all relevant times, Defendant Benjamin Ward exercised the authority to: (a) hire and fire employees of MJ Framing & Drywall, LLC; (b) determine the work schedules of the employees of MJ Framing & Drywall, LLC; and (c) control the MJ Framing & Drywall, LLC's employees' rate of pay.

43. Given this level of control exerted over the enterprise's operations, Defendant Benjamin Ward was an employer within the meaning of the FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendants Miguel Ortiz and Jose Ortiz, were principals and/or managers of MJ Framing & Drywall, LLC.

45. As managers of MJ Framing & Drywall, LLC, Miguel Ortiz and Jose Ortiz were integrally involved in the compensation of their employees and signed all paychecks.

46. Given their ownership and managerial roles in the company and level of control exerted over its operations and compensation practices, Defendants Miguel Ortiz and Jose Ortiz were employers within the meaning of the FLSA, 29 U.S.C. § 203.

47. At all relevant times, Defendants employed Plaintiff and all other similar situated

employees, within the meaning of FLSA, 29 U.S.C. § 203(e)-(g).

48. The FLSA requires that covered employers, including Defendants, compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

49. At all relevant times, Defendants improperly classified and paid Plaintiff and all other similarly situated employees as independent contractors.

50. At all relevant times, Plaintiff and all other similarly situated employees did not satisfy the criteria for independent contractors under the FLSA.

51. At all relevant times, Plaintiff and similarly situated employees were non-exempt employees within the meaning of the FLSA, 29 U.S.C. § 213.

52. At all relevant times, Plaintiff and similarly situated employees were entitled to an overtime premium at a rate of not less than one and one-half their regular rate of pay for work performed in excess of forty hours in a work week.

53. During the relevant period, Plaintiff and those similarly situated to him often worked more than forty hours per week but were not paid an overtime premium, despite complaints regarding this failure to pay overtime.

54. Benjamin Ward's foreman repeatedly complained about Defendants' failure to pay their employees properly for their overtime, establishing awareness of its illegal pay practices on the part of Defendants.

55. As a result of Defendants' failure to compensate Plaintiff and similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 U.S.C. § 207(a)(1).

56. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the

    meaning of 29 U.S.C. § 255(a).

57. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Marlon Andres Castillo Midence, and employees similarly situated to him pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

5. Designation of Mr. Midence as Representative Plaintiff of the collective in this FLSA representative action;

6. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

                          Respectfully submitted,

                           s/Philip Oliphant
                          Alan G. Crone, TN Bar No. 014285
                          Philip Oliphant, TN Bar No. 025990
                          THE CRONE LAW FIRM, PLC
                          88 Union Avenue, 14th Floor
                          Memphis, TN 38103

800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

## DECLARATION AND VERIFICATION

      I, **Marlon Andres Castillo Midence**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

_____
**Marlon Andres Castillo Midence**

Date: _____